UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:06-cr-0003-JMS-MG-01 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| STEVE M. MASON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ DENIED WITHOUT PREJUDICE.

☒ DENIED. Mr. Mason filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 20. In his motion, Mr. Mason seeks immediate release to care for his parents, both of whom suffer from a lengthy list of medical conditions. Dkt. 20 at 2-3.

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that a court has broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). The court must

"consider[] the applicant's individualized arguments and evidence," *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022), but ultimately, "[t]he movant bears the burden of establishing 'extraordinary and compelling reasons' that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

It appears from the medical records provided by Mr. Mason that his father is now residing at an in-patient facility. *See* dkt. 20-5 at 16, 21. That is, he currently has caregivers. And while Mr. Mason's mother suffers from several medical conditions, it does not appear that she is incapacitated and/or unable to care for herself. Moreover, even if his mother or father were in need of care, and there were no other available caregivers, the Court would not exercise its discretion to find this to be an extraordinary and compelling reason for granting Mr. Mason compassionate release. Many inmates have aging and sick parents and family members whom they might like to support. The desire to care for an elderly or ill parent, however, is not an extraordinary and compelling reason warranting a sentence reduction. *See United States v. Trice*, No. 1:13-cr-222-TWP-DML-1, Dkt. 114 at 5 (S.D. Ind. Aug. 4, 2020) (collecting cases about defendants requesting compassionate release to care for elderly or ill parent); *United States v. Ingram*, 2019 WL 3162305, at *2 (S.D. Ohio July 16, 2019) ("Many, if not all inmates, have aging and sick parents. Such circumstance is not extraordinary.").

Because Mr. Mason has not shown extraordinary and compelling reasons warranting release, the Court need not consider whether the sentencing factors in § 3553 weigh in favor of release.

Accordingly, Defendant's motion for compassionate release, dkt. [20], is **denied**. The Court also notes that when denying the prior compassionate release motion filed by Mr. Mason pro se, it nevertheless appointed counsel to investigate Mr. Mason's unsupported claim that his

father is in need of a kidney and that Mr. Mason would like to be released in order to be tested and possibly serve as a donor. *See* dkt. 18 at 3. While Mr. Mason's instant motion does not raise such an argument, if there is any evidence to support that claim, or any other extraordinary and compelling reasons to possibly grant compassionate release, a new motion can be filed.

    **IT IS SO ORDERED.**

Date: 4/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel